UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERICK VIRGIL HALL,<br><br>                 Petitioner,<br><br>  v.<br><br>AL RAMIREZ,<br><br>                 Respondent. | Case No. 1:18-cv-00218-BLW<br><br>**<u>CAPITAL CASE</u>**<br><br>**ORDER** |

On July 9, 2018—following the State's obtaining a death warrant against Petitioner—the Court entered a temporary stay of execution in this capital habeas corpus matter. (Dkt. 6.) Because 28 U.S.C. § 2251(a)(3) restricts the authority of the Court to stay an execution when the petitioner has not yet filed a habeas petition, the stay was limited to 90 days from the date counsel was appointed, as set forth in that statute. The Court explained that once the petition was filed, the stay could be extended. (*Id*. at 3.)

Petitioner has now filed a Motion to Extend the Stay, and the Court ordered expedited briefing. (Dkt. 7, 8.) Petitioner asks that the Court extend the temporary stay for the duration of the proceedings, notwithstanding the fact that Petitioner has yet to file his Petition.

The Court recognizes that Petitioner "did not request a stay pursuant to § 2251(a)(3). Rather, he invoked Dist. Idaho Loc. Civ. R. 9.2(c)." (*Id*. at 3 (internal citation omitted).) That Local Rule provides that the Court "must immediately review the

**ORDER - 1**

... preliminary initial filings [in a capital habeas case], and, if the matter is found to be properly before the court, the court *will* issue an initial review order ... staying the execution *for the duration of the proceedings in this court*." (emphasis added).

However, what Petitioner fails to recognize is that this provision of the Local Rule can apply only if it is within the statutory authority of the Court. If § 2251(a)(3) limits a pre-petition stay of execution to 90 days after counsel is appointed—as the Court previously held—then the Local Rule is not in compliance with that statute and, therefore, must yield.[1]

Thus, we come to the crux of Petitioner's argument—that § 2251 does not, in fact, prohibit an indefinite pre-petition stay. Petitioner is correct that subsection (a)(1) authorizes an indefinite stay of execution in a "pending" habeas corpus proceeding: "A ... judge of the United States before whom a habeas corpus proceeding is pending[] may ... stay any proceeding against the person detained ... for any matter involved in the habeas corpus proceeding." (*See* Dkt. 7-1 at 3.) But Petitioner is incorrect in asserting that nothing in § 2251 prohibits an indefinite *pre-petition* stay. (*See generally* Dkt. 7-1, 10.)

The reason that a district court has the statutory authority to issue a stay of execution in a habeas case is because "legislation governing federal habeas corpus proceedings" constitutes an express exception to the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225, 234-35; *see* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court *except as expressly authorized*

---

[1] The Court notes that a proposed amendment to Local Rule 9.2, which would eliminate the conflict between 9.2(c) and § 2251, is currently being considered by the Local Rules Committee.

**ORDER - 2**

*by Act of Congress*, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." (emphasis added).)[2] Therefore, the Court's authority to issue a stay of execution is limited to the terms of that express exception.

Section 2251, by its terms, allows a judge "before whom a habeas corpus proceeding is *pending*" to issue an indefinite stay; however, the statute also explicitly states that "a habeas corpus proceeding is *not pending until the application is filed*." 28 U.S.C. § 2251(a)(2) (emphasis added). Therefore, § 2251(a)(1)'s express authorization to issue a stay of execution applies only once the petition is actually filed. The immediate problem one can see from reading these two subsections is that, if a petitioner does not yet have counsel to aid him in preparing a petition in the first place, how is the petitioner to obtain a stay of execution?

Congress solved that problem with subsection (a)(3), which grants a federal court the authority to issue a stay of execution where a person has filed an application for the appointment of counsel in a capital habeas matter, "but such stay shall terminate not later than 90 days after counsel is appointed." The Court does not have the authority to issue

---

[2] The other two exceptions to the Anti-Injunction Act do not apply to a pre-petition habeas matter. An indefinite stay in such a case is not necessary to aid the Court in its jurisdiction because the Court does not have jurisdiction to issue a writ of habeas corpus in the first place, absent a pending petition seeking that writ. The Court does not agree that *potential* habeas jurisdiction permits an indefinite stay of execution in a pre-petition case under this exception to the Anti-Injunction Act, or under the All Writs Act for that matter. *Cf. Brown v. Vasquez,* 743 F. Supp. 729, 732 (C.D. Cal. 1990) ("The All Writs Act ... furnishes an adequate basis for the granting of both the 45-day stay and the 120-day stay in order to preserve this court's potential habeas jurisdiction.") (internal quotation marks omitted), *aff'd on other grounds*, 952 F.2d 1164 (9th Cir. 1991), *as amended* (Feb. 19, 1992). And there is no federal judgment that such a stay would protect or effectuate.

**ORDER - 3**

an indefinite stay until a petition is filed. The Court cannot simply ignore or rewrite the statutory language, no matter how practical and desirable such an endeavor might be.

Petitioner relies on *McFarland v. Scott*, 512 U.S. 849 (1994), for the proposition that a "more extended stay is mandatory" in a pre-petition case.[3] (Dkt. 7-1 at 3 (emphasis omitted).) In that case, the United States Supreme Court concluded,

> [O]nce a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution. Because section 2251 expressly authorizes federal courts to stay state-court proceedings "for any matter involved in the habeas corpus proceeding," the exercise of this authority is not barred by the Anti-Injunction Act.

512 U.S. at 858. In so holding, the Court rejected the state's argument that a "habeas corpus proceeding" could not be deemed "pending" prior to the filing of a petition. *Id*. at 857-58.

But *McFarland* was decided long before subsections (a)(2) and (a)(3) were added to § 2251. *See* 62 Stat. 966 (June 25, 1948). Before 2006, the statute read, in its entirety, as follows:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending[] may ... stay any proceeding against the person detained ... for any matter involved in the habeas corpus proceedings.

---

[3] Contrary to Petitioner's argument, *McFarland* actually stated that § 2251 "*does not mandate* the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." 512 U.S. at 858 (emphasis added). Though *McFarland* also noted that "approving the execution of a defendant before his petition is decided on the merits would clearly be improper," it did not hold that a death-sentenced prisoner seeking the appointment of counsel would be entitled to an automatic and indefinite stay without filing a federal habeas petition.

**ORDER - 4**

> After the granting of such a stay, any such proceeding ... shall be void. If no stay is granted, any such proceeding shall be valid as if no habeas corpus proceedings or appeal were pending.

28 U.S.C. § 2251 (1948). *McFarland* thus found authority to issue a stay, "for any matter involved in the habeas corpus proceeding."

However, the PATRIOT Improvement and Reauthorization Act of 2005 amended § 2251 and defined "pending" to *exclude* a habeas corpus proceeding where a petition has not actually been filed. *See* Pub. L. 109-177, 120 Stat 192, (March 9, 2006); § 2251(a)(2). That Act also added subsection (a)(3), permitting the temporary stay issued by the Court in this case. As can be seen from the statutory text—and as supported by this recitation of legislative history—Congress has spoken on the length of time that a petitioner's execution may be stayed prior to the filing of a habeas petition.[4] The Court must respect it.[5]

The Court understands the difficulty of Petitioner's position. Though Petitioner's briefs attempt to convince the Court that he should be allowed the full one-year period of

---

[4] Contrary to Petitioner's argument, authority to issue an indefinite pre-petition stay is not granted by the All Writs Act, *see* 28 U.S.C. § 1651, because that Act "does not confer jurisdiction on the federal courts" where such jurisdiction is otherwise lacking. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Further, because § 2251 specifically addresses stays of execution in capital habeas proceedings, the All Writs Act does not govern the issuance of such a stay. *See Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").

[5] That other courts have issued indefinite pre-petition stays does not alter the Court's statutory analysis, and the Court's understanding of this fact does not, as Petitioner argues, constitute "unwarranted disparagement of the federal judiciary." (Dkt. 10 at 6.) It is simply an acknowledgement that different courts might construe statutes in different ways, particularly where there is no Supreme Court or binding circuit authority addressing the issue at hand.

**ORDER - 5**

the statute of limitations in order to file his petition, the Court needs no such convincing—it agrees with Petitioner on that point. Capital habeas counsel will almost always require the entire limitations period to properly prepare and draft a petition, and even then, many petitions must be amended at a later date to include additional claims. Were it within the Court's power to issue an indefinite stay at this point in this case, it would most assuredly do so. But the Court has no such power.

Judicial efficiency has been sacrificed in this matter because the Court has had to issue orders such as this one and its previous order granting the temporary stay. Such orders have been necessitated solely because the State—despite knowing that Petitioner had filed a motion for appointment of counsel in this Court and that Petitioner obviously planned to file a federal habeas petition within the applicable limitations period—nonetheless decided to seek a death warrant against Petitioner.

It is true that no provision of law prohibited the State from seeking the death warrant when it did, as no stay of execution had been issued at that time. But the Court certainly would have appreciated it had the State shown enough respect for the Court's heavy docket to refrain from seeking a death warrant when it knew that Petitioner would immediately come to this Court for a stay and that this Court would be required to intervene. Though the Court believes the State acted unreasonably in seeking the death warrant, its actions in doing so were neither unconstitutional nor illegal.

As already explained, the Court would have preferred to issue an indefinite pre-petition stay so that Petitioner would have the entire limitations period to draft his

**ORDER - 6**

Petition, but it cannot do so. Therefore, the Court attempted to craft an order that was within the Court's statutory authority, but that still would allow Petitioner sufficient time to research his claims. The Court did so by (1) explaining why the Court lacked the authority to issue an indefinite stay absent the filing of a petition, (2) informing the parties that the stay could be extended "[o]nce a habeas petition is filed in this matter[] ... if the state again chooses to seek a death warrant," and (3) stating that the Court "may also grant a request for a reasonable period of time to allow amendment of any such petition." (Dkt. 6 at 3.)

It appears the Court was too subtle. Let the Court now be clear—if, after the temporary stay of execution expires, the State chooses once again to seek a pre-petition death warrant, Petitioner will be required to file a petition, along with a motion seeking a stay of execution for the duration of these proceedings, if he seeks an indefinite stay. The Court *will* grant any such motion, and the Petition *will* be permitted to be skeletal. The Court will also grant Petitioner through the end of statute of limitations period to amend his Petition before it schedules a case management conference or issues a case management order—meaning that the Court will *not* grant any motion to dismiss before the limitations period expires and the Petition is amended at least once. The Court also will likely decide to allow an additional period of time for further amendment if the parties cannot agree to a case management schedule that includes an amendment period.

The Court would prefer not to have to jump through such hoops but cannot see a way around them if the State continues its quest to execute Petitioner before a federal

**ORDER - 7**

court can consider his habeas claims. Therefore, the Court strongly encourages—as it lacks the authority to require—the State to refrain from seeking a new death warrant until Petitioner's federal habeas case has been fully adjudicated. Just because the State *can* do something does not mean that it *should*.

## ORDER

**IT IS ORDERED** that Petitioner's Motion to Extend Stay (Dkt. 7) is DENIED.

DATED: July 31, 2018

B. Lynn Winmill
Chief U.S. District Court Judge