# APPENDIX A

NO._____
A.M. 10:50 ____ PM ____  FILED

DEC 1 9 2018

CHRISTOPHER D. RICH, Clerk
By EMILY CHILD
DEPUTY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

ERICK VIRGIL HALL,

       Petitioner,

vs.

STATE OF IDAHO,

       Respondent.

Case No. CV01-18-14374

ORDER TEMPORARILY
SEALING TRIAL EVIDENCE AND
AUTHORIZING ACCESS TO
HALL'S COUNSEL AND STATE

On August 16, 2018, Petitioner, Erick Virgil Hall ("Hall"), moved for leave to inspect and photograph certain non-documentary trial exhibits to determine whether the exhibits could potentially give rise to ineffective assistance of appellate counsel claims to assert in this matter.[1] The Court held a hearing on the motion on October 24, 2018. The State indicated it did not object to Hall's counsel having access to inspect and photograph the trial exhibits, but did object to Hall himself being present. The Court orally granted the motion, with the proviso that Hall not be allowed to attend the inspection. The Court further orders that the following protocol to access to the trial exhibits be followed (including's the counsel for Hall and the State):

First, in the event a re-trial is ordered, the Court finds it necessary to temporarily seal the trial evidence under I.C.A.R 32(i)(2)(E) to ensure the evidence is protected from tampering or damage. Therefore, in the exercise of discretion, the Court temporarily orders the trial evidence to be sealed until such time the Court modifies or withdraws this Order upon re-trial. The trial evidence shall not be subject to examination, inspection, photographing or copying by the public, unless the Court, as the presiding custodian, individually approves access and the person agrees to follow the Court's protocol for inspection, examination or copying, to wit:

---

[1] The specific exhibits Hall seeks to access were admitted in Ada County Case No. CR-FE-2003-518 and include State's 1; State's 9 through State's 17; States 21 through State's 25; State's 42 through State's 44; State's 92 through State's 97; State's 99; State's 124 through State's 126; State's 137 through State's 138, and; Defense's K through Defense's N. In addition, Hall seeks to access any other non-documentary exhibit admitted at trial.

1

With respect to requests to inspect or examine or photograph the trial evidence pursuant to I.C.A.R. 32:

1.    Access to the trial evidence shall be held in a location to be determined by the Evidence Clerk, or the Clerk of the Court designee;

2.    Access to the trial evidence shall be directly supervised by the Evidence Clerk, or the Clerk of the Court designee;

3.    No one other than the Evidence Clerk, or the Clerk of the Court designee, shall handle or touch the trial evidence;

4.    Any access shall be recorded by a certified court videographer;

5.    The court videographer's record shall be made an exhibit to this case, and;

6.    The State and Hall's counsel shall be notified and may be present to observe the inspection or examination or photographing.

For requests to copy an individual trial exhibit, the Evidence Clerk can simply provide a copy or scan a copy to the individual requester.

With respect to Hall's motion to inspect and photograph non-documentary trial exhibits, the Court hereby approves such access by Hall's counsel of record and the State, so long as the foregoing protocol is adhered to.

IT IS SO ORDERED

Dated this _____ day of December, 2018.

STEVEN J. HIPPLER
DISTRICT JUDGE

## CERTIFICATE OF MAILING

I hereby certify that on this $\underline{19}$ day of December, 2018, I emailed (served) a true and correct copy of the within instrument to:

SHAWNA DUNN
DOUGLAS VARIE
ADA COUNTY DEPUTY PROSECUTING ATTORNEY
acpocourtdocs@adaweb.net

JONAH J. HORWITZ
FEDERAL DEFENDER SERVICES OF IDAHO
Jonah_Horwitz@fed.org

MARIAH LEWIS
ADA COUNTY DEPUTY EXHBIT CLERK
INTERDEPARTMENTAL MAIL

CHRISTOPHER D. RICH
Clerk of the District Court

By: _____
Deputy Court Clerk

CERTIFICATE OF MAILING