# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERICK VIRGIL HALL,<br><br>              Petitioner,<br><br>v.<br><br>TYRELL DAVIS,[1]<br><br>              Respondent. | Case No. 1:18-cv-00218-DCN<br><br>**<u>CAPITAL CASE</u>**<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PRESERVE EVIDENCE** |

Pending before the Court in this capital habeas corpus matter is Petitioner Erick Virgil Hall's Motion to Preserve Evidence. *See* Dkt. 40. Petitioner asks that this Court enter an order preserving "all of the evidence" relating to the conviction and sentenced that Petitioner is challenging in this action. Dkt. 40-1 at 12. At the least, Petitioner requests a slightly narrower order, one preserving "all evidence found around Boise during the investigation in the immediate aftermath of the crime and all evidence relating to the DNA issues." *Id*.

Given the breadth of the relief requested by Petitioner, the state court's previous entry of an order preserving the trial evidence, and Petitioner's ability to request further preservation orders from the state court, the Court will deny the Motion without prejudice.

---

[1] Tyrell Davis, the current Warden of the Idaho Maximum Security Institution, is substituted for his predecessor as the proper respondent in this matter. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

ORDER DENYING WITHOUT PREJUDICE MOTION TO PRESERVE EVIDENCE - 1

1.  **Authority to Grant Preservation Orders**

    As an initial matter, the Court rejects Respondent's argument that the Court lacks jurisdiction to enter preservation order. Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254. Because this habeas action arises under federal law, the Court has jurisdiction over the petition under 28 U.S.C. § 1331. In turn, because the Court has jurisdiction under § 1331, it also has jurisdiction, pursuant to the All Writs Act, to "issue all writs necessary or appropriate in aid" of that jurisdiction 28 U.S.C. § 1651(a); *see also Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002) (stating that the All Writs Act does not independently confer jurisdiction on the federal courts).

    Respondent also contends that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") restricts the Court's authority to enter a preservation order. Dkt. 42 at 5–6. Respondent is correct that, under AEDPA, the evidence that can be presented in support of a federal habeas claim generally is limited to the state court record. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). However, this restriction is limited to claims that the state courts have adjudicated on the merits. *See* 28 U.S.C. § 2254(d). Under certain circumstances, petitioners may assert claims that were *not* adjudicated on the merits in state court and that can indeed be supported by evidence outside of the state court record.

    The miscarriage of justice exception to procedural default, if established, permits a federal court to hear any habeas claim, even if the claim is entirely new and based entirely on new evidence. And one must not forget the cause and prejudice exception. Following the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), federal courts have expansive authority to review certain claims that were not previously raised, even if those

claims were procedurally defaulted in state court collateral proceedings.

Thus, on federal habeas review of Petitioner's state court conviction and death sentence, this Court has the authority to enter an order preserving any and all evidence gathered in the investigation and prosecution of Petitioner, whether that evidence is the custody of Respondent, the state court, the prosecutor's office, the police department, or third-party scientific testing entities.[2]

## 2. The Court Will Deny the Motion for Preservation Order

Although the Court has authority to enter the requested preservation order, the Court declines to do so at this time.

As previously explained, the procedural default exceptions can permit de novo review of claims not adjudicated on the merits in state court. And, such review can include the presentation of evidence that was never presented in state court. However, the mere *possibility* that an exception might apply to excuse the default of one or more of Petitioner's pending claims as set forth in the First Amended Petition—or might apply to excuse the default of an unknown claim that Petitioner may assert at some point in the future of this litigation—does not warrant the sweeping preservation order that Petitioner requests.

The primary problem with Petitioner's request is its breadth. Petitioner seeks preservation of "all evidence in the case," or, at the very least, "all evidence found around Boise during the investigation in the immediate aftermath of the crime and all evidence relating to the DNA issues." Dkt. 40-1 at 3, 12. Without a clearer indication of what

---

[2] Whether the Court's contempt power could extend to the various individuals or entities who might violate such an order is a question the Court need not address at this time.

evidence might be out there to preserve, the Court does not find it appropriate to depart from federalism principles, which generally allows the state courts to be the first to resolve disputes regarding criminal convictions. And, in Petitioner's pending state post-conviction proceedings, the state district court has already ordered that "the trial evidence" be sealed, for the time being, to preserve that evidence in the event of a retrial. *See* Dkt. 42-1, *Order Temporarily Sealing Trial Evidence and Authorizing Access to Hall's Counsel and State*. Given the important federalism concerns in the habeas context, the Court does not find that a federal preservation order is appropriate at this time. Finally, the Motion does not tie any particular evidence to any particular claim that is asserted in the instant petition.

The Court may revisit the preservation issue at a later date, should the state court decline to preserve evidence that Petitioner can reasonably tie to a claim set forth in the Amended Petition, or should the state court unseal the trial evidence.

**ORDER**

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Response to Motion to Preserve Evidence (Dkt. 41) is GRANTED. The Response (Dkt. 42) is deemed timely.

2. Petitioner's Motion to Preserve Evidence (Dkt. 40) is DENIED without prejudice. To the extent that any evidence Petitioner wants preserved is not already covered by the existing state court order temporarily sealing the trial evidence, Petitioner should first seek preservation of any such evidence in state court. Further, Petitioner may renew Motion in the event the state court

unseals the trial evidence, or if Petitioner encounters obstacles to requesting state court preservation orders.³

3. In any future motion to preserve evidence, Petitioner must identify, with reasonable precision, the evidence sought to be preserved.

DATED: August 18, 2020

David C. Nye
Chief U.S. District Court Judge

---

³ The Court recognizes that Petitioner's counsel in this action is not representing Petitioner in the state post-conviction proceedings. Therefore, habeas counsel should first confer with state counsel to discuss the filing of any future preservation motions in state court.