UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ERICK VIRGIL HALL,<br><br>                    Petitioner,<br><br>v.<br><br>TYRELL DAVIS,<br><br>                    Respondent. | Case No. 1:18-cv-00218-DCN<br><br>**<u>CAPITAL CASE</u>**<br><br>**ORDER DENYING FIRST MOTION FOR DISCOVERY (DNA) and CASE MANAGEMENT ORDER** |

**INTRODUCTION**

Pending before the Court in this capital habeas corpus case is Petitioner Erick Virgil Hall's First Motion for Discovery (DNA). *See* Dkt. 45.

Mr. Hall is under a sentence of death for the kidnapping, rape, and murder of Lynn Henneman. The parties appear to agree (1) that more than one male DNA profile was present in samples collected from the victim, and (2) that the primary sperm fraction from the samples matched Mr. Hall's DNA. The significance of the DNA evidence was explored at trial, including whether the additional unknown male DNA was from an alternate perpetrator or a result of, for example, contamination of the samples.

Mr. Hall now seeks an order requiring production of the following materials to an expert for additional "forensic testing and analysis":

1.     Lynn Henneman's vaginal swabs and smears;

2.     Lynn Henneman's fingernail clippings;

3.      Lynn Henneman's shorts;

4.      all articles of clothing found attached to Lynn Henneman's body;

5.      the knife found at the Boise River;

6.      all items found at East Junior High School, including Lynn Henneman's wallet, its contents, and a bottle of cologne;

7.      all raw data resulting from testing that Cellmark Diagnostics performed on Lynn Henneman's vaginal swabs and smears;

8.      any other physical items that might contain biological material from the perpetrator or perpetrators of Lynn Henneman's murder, rape, or kidnapping ….

Dkt. 45-1 at 33.

For the following reasons, the Court will deny Hall's First motion for Discovery (DNA) without prejudice.

## DISCUSSION

### 1.      Legal Standards for Discovery

Habeas petitioners, unlike traditional civil litigants, are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a petitioner must first seek leave of court, and such leave may be granted only upon a showing of good cause. *See* Rule 6(a) of the Rules Governing Section 2254 Cases. Good cause exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks and alteration omitted). If good cause is shown, the extent and scope of discovery is within the court's discretion. *See* Habeas Rule 6(a).

A request for discovery must be supported by specific factual allegations. Habeas corpus "was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (internal quotation marks omitted).

With respect to claims that the state courts adjudicated on the merits, evidence that was not presented to the state courts cannot be considered on federal habeas review. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011); 28 U.S.C. § 2254(e)(2). Therefore, as to such claims, a petitioner naturally cannot show good cause for discovery. As one court has put it:

> *Pinholster*'s holding necessarily informs any determination as to whether discovery is warranted. It also begs the question, "How can good cause exist to conduct discovery that, as a matter of law, cannot be used?" …. [I]t has become increasingly clear that judicial economy demands that *Pinholster* be considered in determining whether good cause exists for conducting discovery.

*Davis v. Bobby*, No. 2:10-CV-107, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017); *see also Caudill v. Conover*, 871 F. Supp. 2d 639, 645 (E.D. Ky. 2012) ("Although *Pinholster* only addressed whether a federal habeas court conducting § 2254(d)(1) review may consider new evidence introduced by way of an evidentiary hearing, the undersigned sees no reason why that holding would not apply equally to new evidence the Petitioner seeks to obtain by way of discovery.").

With respect to claims that were *not* adjudicated on the merits in state court, the general rule is that § 2254(e)(2) explicitly prohibits a federal district court from holding an evidentiary hearing to allow the petitioner to develop new evidence if he "failed to develop

ORDER DENYING FIRST MOTION FOR DISCOVERY (DNA)
and CASE MANAGEMENT ORDER - 3

the factual basis" of a claim in state court because of "lack of diligence or some greater fault[] attributable to" him or his counsel.[1] *Williams v. Taylor*, 529 U.S. 420, 432 (2000); *see Pinholster*, 563 U.S. at 186. A federal court can apply an exception to this rule and may permit new factual development on habeas corpus review only when a claim is based on (1) on a new retroactive rule of constitutional law or (2) on a factual predicate that could not previously have been discovered through the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A), *and* that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

Under Ninth Circuit precedent, if a claim meets the cause and prejudice exception of *Martinez v. Ryan*, 566 U.S. 1 (2012), the restrictions on factual development contained in § 2254(e)(2) do not prohibit a district court from considering new evidence to decide the merits of the claim. However, the Supreme Court has recently granted certiorari on this issue. *Jones v. Shinn*, 943 F.3d 1211, 1215 (9th Cir. 2019), *cert. granted sub nom. Shinn v. Ramirez*, No. 20-1009, 2021 WL 1951793 (U.S. May 17, 2021).

**2.     The Court Does Not Find Good Cause for the Requested Discovery at This Time**

Mr. Hall asserts that the discovery he seeks will support several claims in the Amended Petition, such as his freestanding actual innocence claim and some ineffective

---

[1] If the petitioner or his counsel is not at fault for failing to present the evidence to the state courts, the petitioner may present new evidence on federal habeas corpus review without meeting the requirements of § 2254(e)(2). *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004).

assistance of counsel claims. *See* Dkt. 45-1 at 9–27. He also contends that the discovery may lead to evidence supporting "multiple procedural default exceptions," including cause and prejudice under *Martinez*. *Id*. at 27–29.

At this time, the Court does not find good cause to permit discovery. Although a petitioner can, in certain circumstances, show good cause for discovery even where the Court has not yet determined whether an exception to procedural default applies, *see McGiboney v. Yordy*, No. 1:16-CV-00150-REB, 2017 WL 4159361, at *10 (D. Idaho Sept. 19, 2017), we are not at that point yet. At this time, the Court has not even determined which claims in the Amended Petition are procedurally defaulted *in the first place*. It is therefore unclear whether any evidence obtained in discovery can be, even theoretically, considered in this case. *See Pinholster*, 563 U.S. at 180. Though it is likely that there are at least some procedurally defaulted claims set forth in the Amended Petition, the Court finds it appropriate to keep the cart behind the horse at this juncture.

More importantly, with the grant of certiorari on the § 2254(e)(2) issue, the United States Supreme Court will soon decide definitively whether that statute restricts factual development of a claim in federal court in the *Martinez* context. *Shinn v. Ramirez*, No. 20-1009, 2021 WL 1951793 (U.S. May 17, 2021). Given that this Court intends to consider any claims that were decided on the merits in state court *before* it considers procedural default (including *Martinez*), *see* Dkt. 22 at 4–5, it does not hurt to wait for the outcome of *Shinn* to determine whether, and to what extent, discovery is warranted. The requested forensic testing will be at taxpayers' expense. If it turns out that whatever evidence to which the requested discovery leads cannot even be presented in this Court, permitting such

ORDER DENYING FIRST MOTION FOR DISCOVERY (DNA)
and CASE MANAGEMENT ORDER - 5

discovery will have wasted those funds. *See, e.g., Taylor v. Simpson*, No. 06-CV-181-JBC, 2012 WL 404929, at *2 (E.D. Ky. Feb. 6, 2012) ("If this court is limited to the state-court record … permitting discovery and additional evidence … would be futile and a waste of judicial resources.") (*Pinholster* context).

Finally, the United States Supreme Court has held that, where difficult questions of procedural default and actual innocence are present, a federal court should "first address all nondefaulted claims." *Dretke v. Haley*, 541 U.S. 386, 394 (2004). The Court, in its discretion, finds it appropriate in the instant case to address non-defaulted claims before considering procedural default issues.

For the foregoing reasons, and in order to avoid "a substantial risk of wasting resources and delaying resolution of this matter," *Caudill*, 871 F. Supp. 2d at 649, the Court will deny without prejudice Hall's motion for discovery.

**ACCORDINGLY, IT IS ORDERED:**

1. Petitioner's First Motion for Discovery (DNA) (Dkt. 45) is DENIED without prejudice.

2. The Court directs the parties to meet and confer to discuss which, if any, claims in the Amended Petition were decided on the merits in state court. The Court encourages the parties to agree as to at least some claims that would be appropriate, at this juncture, for the Court to consider on the merits under 28 U.S.C. § 2254(d).

3. Within 90 days, the parties must notify the Court by stipulation of any claims that they agree were adjudicated on the merits in state court. The stipulation

ORDER DENYING FIRST MOTION FOR DISCOVERY (DNA)
and CASE MANAGEMENT ORDER - 6

should include a jointly-proposed briefing schedule for the merits of those claims. The parties also should inform the Court which claims in the Amended Petition are presently being pursued in successive state post-conviction proceedings, as those claims will not be appropriate for merits adjudication at this time.

4.     Alternatively, if the parties cannot agree as to merits adjudication on any claims in the Amended Petition, they must file simultaneous briefs—not to exceed 50 pages—explaining why they believe each of Hall's claims was, or was not, decided on the merits in state court. (The Court may invite additional briefing at its discretion.) After briefing on this issue is complete, the Court will decide which, if any, claims have been adjudicated on the merits in state court and will set a briefing schedule on those claims.

5.     Unless otherwise ordered, the parties may agree, by joint stipulation filed with the Court, to one extension of time each with respect to any briefing schedule in this case. If the parties cannot agree on a requested extension, the Court will entertain a motion in that regard.

DATED: August 27, 2021

David C. Nye
Chief U.S. District Court Judge